IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00222-ZLW
(Removal from County Court, Adams County
*People of the State of Colorado v. David Jackson,*
Case No. 2007-T-2230)

PEOPLE OF THE STATE OF COLORADO,

v.

DAVID JACKSON,

     Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER FOR SUMMARY REMAND

Defendant David Jackson has filed *pro se* a Notice of Removal and an Amended Notice of Removal.  Mr. Jackson is removing to this Court Case Number 07-T-2230 from the County Court of Adams County, Colorado.  The Court must construe the notice and amended notice liberally because Mr. Jackson is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the case will be remanded summarily to the state court.

Mr. Jackson seeks to remove this criminal action to this Court pursuant to 28 U.S.C. § 1446.  He alleges that the state court criminal prosecution violates his federal constitutional rights and that he is unable to enforce his constitutional rights in state court.  However, § 1446 merely provides the procedures that are applicable in removal actions.  Section 1446 does not provide the court with jurisdiction to remove the instant criminal case.

Title 28 U.S.C. § 1443 authorizes the removal to federal court of certain civil rights cases. However, the two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Mr. Jackson does not allege that he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Jackson has

failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate in this action. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824.  Mr. Jackson does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, this action will be remanded summarily to the state court.  *See* 28 U.S.C. § 1446(c)(4).  Accordingly, it is

ORDERED that Case No. 2007-T-2230 is remanded summarily to the County Court of Adams County, Colorado.  It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the County Court of Adams County, Colorado.

DATED at Denver, Colorado, this 24 day of _____ May _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cr-00222-ZLW

David Jackson
PO Box 17163
Boulder, CO 80308

Clerk of County Court of Adams County - **Certified**
Adams County Justice Center
1100 Judicial Center Dr.
Brighton, CO 80601

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on _5/24/07_

                                        GREGORY C. LANGHAM, CLERK


                                    By: _____
                                                Deputy Clerk